IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Case No. 3:09-00053 |
| ) | Chief Judge Haynes |
| MICHAEL CARL AILE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Michael C. Aile's letter requesting clarification of the Court's language in Defendant's Judgment recommending that the Defendant receive credit for his time served prior to sentencing (Docket Entry No. 49).

As a matter of law, the Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 329, 335-36 (1992). "[T]he district court cannot determine the amount of the [jail time] credit at sentencing." Id. at 335. Under 18 U.S.C. § 3585(b), Defendant must first exhaust his administrative remedies within the Bureau of Prisons, which has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16. Id. Once Defendant exhausts h administrative remedies, any further challenge to any computation of a jail credit must be filed under 28 U.S.C. § 2241, United States v. Griffith, 89 F.3d 836 (table), 1996 WL 316504, *2 (6th Cir. June 10, 1996); in the district where Defendant is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Accordingly, because the Defendant is incarcerated in Talladega, Alabama, any further challenge to an adverse decision on jail credit must be presented to the United States District Court in the Northern District of Alabama.

It is so **ORDERED**.

ENTERED this the ___ day of June, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court